1  JOSEPH H. HARRINGTON
   Acting United States Attorney
2  Eastern District of Washington
   George J.C. Jacobs, III
3  Earl A. Hicks
4  Assistant United States Attorneys
   Post Office Box 1494
5  Spokane, WA 99210-1494
6  Telephone: (509) 353-2767

7
                    UNITED STATES DISTRICT COURT
8                   EASTERN DISTRICT OF WASHINGTON

9
   UNITED STATES OF AMERICA,
10
                           Plaintiff,    Case No: 2:16-CR-00207-RMP
11
12         vs.
                                         United States' Motion in Limine Re:
13 TERRY RUSSELL HUNT,                   Witness Exclusion/Designation of Case
14 MARY ALICE HUNT,                      Agent; Self-Serving Hearsay; Reference
   RUSSELL MELVIN HUNT,                  to Penalty; Impermissible Character
15 DEREK JON HUNT,                       Evidence and Good Acts
16
17                         Defendants.   With Oral Argument
                                         September 6, 2017 at 10:00 am
18

19      Plaintiff, United States of America, by and through Joseph H. Harrington,
20
   Acting United States Attorney, for the Eastern District of Washington, and George
21
22 J.C. Jacobs, III, and Earl A. Hicks, Assistant United States Attorneys for the Eastern
23
   District of Washington, respectfully submits the following motion *in limine*.
24
25 **Witness Exclusion & Case Agent Designation**

26      The United States requests that this Court issue an order directing that all
27
28 witnesses who will testify in the trial scheduled to commence on September 18, 2017,

United States' Motion for Disclosure - 1
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

be excluded from the courtroom so that they cannot be influenced by the testimony of other witnesses. *See United States v. Eli*, 718 F.2d 291, 293 (9th Cir. 1983). However, the United States seeks to exclude ATF Special Agent Ryan Young and ATF Forensic Auditor Guy K. Hummel, Jr. from this sequestration order and requests that they be able to sit at counsel table as they are essential to our case.

The United States hereby designates Special Agent Young, who may testify as a fact witness, as its representative pursuant to Fed. R. Evid. 615(b), and respectfully requests that the Court permits Special Agent Young to sit at counsel table throughout the trial. In addition, Forensic Auditor Hummel will testify as a summary witness and should also be excluded from the sequestration order pursuant to Fed. R. Evid. 615(b) and (c). Moreover, Rule 615(b) does not preclude the government's designation of two individuals to represent the government at counsel table. *See Breneman v. Kennecott Corp.*, 799 F.2d 470, 474 (9th Cir. 1986).

**Self-Serving Hearsay:**

The United States moves *in limine* to exclude the Defendant's use of self-serving hearsay. An admission or statement by a party is admissible and is exempted from hearsay when offered *against* that party. *See Fed. R. Evid.* 801(d)(2)(A); *United States v. Pang,* 362 F.3d 1187, 1194 (9th Cir. 2004). Moreover, the "Rule of Completeness" does not allow for the defendant to offer his own self-serving hearsay. *See Fed. R. Evid.*106; *see also, United States v. Collicott,* 92 F.3d 973, 983 (9th Cir. 1996). While the Rules provide exceptions to the general prohibition against hearsay,

United States' Motion for Disclosure - 2

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

"[t]he rules do not, however, provide exceptions for self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996). "Indeed, if such statement were deemed admissible … parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *Id*. citing *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). Therefore, the Defendant cannot offer his/her own exculpatory hearsay statements. If the Defendant wishes to make statements before the jury, he/she can testify. To allow otherwise permits the Defendant to introduce hearsay evidence without taking the oath and without facing cross-examination.

**Motion to preclude reference to penalty:**

The United States moves *in limine* for the Court to rule that the Defendant shall not be allowed to refer to the potential penalty in this case. This motion is based on common principles of relevance and prejudice. *Fed. R. Evid. 401, 402, 403*.

The issue is truly one of avoiding undue prejudice. The fact-finder should be influenced by a compelling issue of fact, and not based instead on hesitation to convict in the face of the potentially serious (or any such) penalty that the Court may impose following a conviction.

The United States embraces the language of the Ninth Circuit Model Jury Instructions at Section (7.4) as providing the only competent statement to the jury

United States' Motion for Disclosure - 3

regarding how they may consider punishment, to wit: *"The punishment provided by law for the crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt."* Model Jury Instruction - Ninth Circuit- 2010, Section 7.4.

**Motion to Exclude Impermissible Character Evidence and "Good Acts"**

The Government anticipates that one of Defendants will seek to place his/her character in issue at trial. The Government also anticipates that defense character witnesses may attempt to testify using specific instances of a Defendant's good character, in violation of Fed.R.Evid. 405(a).

The Supreme Court has long recognized that character evidence has weak probative value and great potential to confuse the issues and prejudice the jury. *Michaelson v. United States*, 335 U.S. 469, 480, 486 (1948). The Court has thus given trial courts wide discretion to limit the presentation of character evidence. *Id*. at 486. Specifically, the Government requests the Court to (1) exclude references to character traits irrelevant to the crime charged: and (2) exclude testimony about specific instances of conduct offered by defense character witnesses to show a character trait.

    a.    **Defendant cannot introduce evidence of a character trait irrelevant to the crime charged**

The character evidence that Defendants offer must be pertinent to the crime charged. *Fed.R.Evid. 404(a)*. Courts of appeal have consistently upheld decisions by

United States' Motion for Disclosure - 4

Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

the district courts excluding evidence of irrelevant character traits offered by a defendant.  *See United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (testimony of defendant's daughter purportedly showing that defendant was a good family man was inadmissible character evidence inasmuch as such character traits were not pertinent to charged crime of illegally bringing aliens into the United States); *United States v. Nazzaro*, 889 F.2d 1158, 1168 (1st Cir. 1989) (evidence of receipt by defendant, a police officer, of a medal of valor and various commendations was properly excluded in mail fraud case since traits which such awards and commendations tended to show – bravery, attention to duty, and community spirit – were not pertinent to the charged offenses); *United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir.), *cert. denied*, 493 U.S. 857 (1989) (excluding evidence regarding defendant's character for truthfulness in prosecution for violations of federal explosives and firearms laws); *United States v. Goldfarb*, 643 F.2d 422, 434 (6th Cir.), *cert. denied*, 454 U.S. 827 (1981) (attempt by defense to introduce, in a Travel Act prosecution, evidence of defendant's gallantry as a pilot during two tours in Vietnam was properly excluded).

     In this case, evidence of traits which defendants may claim to possess – such as generosity, dedication to family, civic activities, and similar traits and attributes having no bearing on the charged offenses – should be excluded.  These traits are not pertinent to the crimes charged, and there is no exception to the Federal Rules of Evidence permitting such evidence.

United States' Motion for Disclosure - 5
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

Rule 404(a)(1) requires that the Court limit the Defendants' character evidence to three pertinent traits: law-abiding nature; honesty; and truthfulness, and precludes the Defendants from presenting any testimony regarding overall general good character. The general trait of being a law-abiding citizen is pertinent in all criminal prosecutions. *See United States v. Hewitt*, 634 F.2d 277, 279 (5th Cir. 1981 (Unit A) (holding that under Federal Rules 404 and 405(a), lawfulness is pertinent trait of character in all criminal prosecutions); *see also In re Sealed Case*, 352 F.3d 409, 412 (D.C. Cir. 2003) ("Courts have held that the general character trait of law-abidingness is pertinent to almost all criminal offense."); *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982) (finding that district court erred when it excluded character evidence that defendant was a law abiding citizen). The traits for truthfulness or honesty are relevant "when the defendant is charged with an offense in which fraud or falsehood is one of its statutory elements." *In re Sealed Case*, 352 F.3d at 412; *see also Hewitt*, 634 F.2d at 279 (stating that the trait of truthfulness is pertinent when an element of the offense charged is a lie by the defendant). The Government recognizes that by charging Defendants with offenses that involve allegations of falsehood, the Defendants' honesty and truthfulness are pertinent traits. Thus, pursuant to Rule 404(a)(1), the Defendants may present character evidence regarding the traits of being a law-abiding, truthful, and honest.

      **b.**     **Defendants may not introduce specific acts of conduct to show a character trait**

United States' Motion for Disclosure - 6
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

Evidence of specific acts may not be used to prove character where the evidence is to be used circumstantially to support the inference that a person acted in conformity with his character.  Jack B. Weinstein & Margaret A. Berger, 2 *Weinstein's Federal Evidence* § 405.05[3] (2d ed. 2007).  *See also* Fed.R.Evid. 404(b), 405(b), and 403.  This exclusionary rule, of course, applies to specific instances of *good* conduct as well as those that are bad.  *See United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) (excluding evidence of prior good conduct offered to negate criminal intent), cert. denied, 502 U.S. 880 (1992); *United States v. Barry*, 814 F.2d 1400, 1403 (9th Cir. 1987) ("[T]estimony as to the lack of prior bad acts is, in essence, testimony as to the multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)."); United States v. Hill, 40 F.3d 164, 168 (7th Cir. 1994) (affirming district court's exclusion of evidence that "was nothing more than classic character evidence offered to prove that [the defendant] had a good character and acted in conformity therewith.").

Although the defense may not introduce specific acts to show a character trait, the Government is permitted to inquire into relevant specific instances of conduct on cross-examination of character witnesses.  Fed.R.Evid. 405(a); *United States v. Adair*, 951 F.2d 316, 319 (11th Cir. 1992) (defense character witnesses may be cross-examined as to whether they have heard of particular instances of conduct relevant to a trait in question); *United States v. Manos*, 848 F.2d 1427, 1430 (7th Cir. 1988)

United States' Motion for Disclosure - 7
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

(opinion and reputation testimony are subject to cross-examination regarding specific instances of conduct).

## CONCLUSION

Therefore, the United States respectfully requests that this Court grant the foregoing motions *in limine* based on the authority and considerations noted above.

Dated:  August 15, 2017.

JOSEPH H. HARRINGTON
Acting United States Attorney

*s/ George J.C.Jacobs, III*
George J.C. Jacobs, III
Assistant United States Attorney

*s/ Earl A. Hicks*
Earl A. Hicks
Assistant United States Attorney

United States' Motion for Disclosure - 8
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx

# CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Richard Louis Bechtolt , Jr:  richardbechtolt@aol.com

Roger James Peven:  rjpeven@gmail.com

Daniel Noah Rubin        daniel_rubin@fd.org, raylene_baird@fd.org
Matthew A Campbell       matt_campbell@fd.org, coby_patterson@fd.org,
                         raylene_baird@fd.org


John H Loeffler     JohnL@OLLPS.com, dsanchez@OLLPS.com,
                    JohnL1954@gmail.com

                                    *s/ George J.C. Jacobs, III*
                                    George J.C. Jacobs, III
                                    Assistant United States Attorney

United States' Motion for Disclosure - 9
Pm/eah/hunt/8-15-17USMotionLimineHunt.docx