Richard Bechtolt
Law Office Richard Bechtolt
W. 505 Riverside
Spokane, Washington 99201
Telephone: 509.838.3601
Email: richardbechtolt@aol.com

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON
HONORABLE ROSANNA MALOUF PETERSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-207-RMP-1 |
| Plaintiff, | |
| vs. | Sentencing Memorandum |
| TERRY HUNT, | |
| Defendant | DECEMBER 7, 2017 AT 9:30 AM |

TO: Joseph Harrington, Acting United States Attorney

Earl A. Hicks and George J.C. Jacobs, Assistant United States Attorney

Terry Hunt, through counsel Richard Bechtolt, submits the following sentencing memorandum.

**I.    Applicable Guideline Calculation**

Terry Hunt has received and reviewed the Presentence Investigation Report with counsel. Mr. Hunt has no objections to the information contained in the Presentence Report and agrees with the advisory guideline calculations as prepared by the United States Probation Officer. Mr. Hunt is requesting a departure/variance from the advisory guideline range.

## II. Impact of Plea Agreement

Mr. Hunt has entered a plea agreement with the United States. It is a Federal Rule 11(c)(1)(C) agreement. Mr. Hunt, along with two of his sons and his wife, was originally charged in a multi count Indictment. Mr. Hunt agreed to plead guilty to an Information charging three counts of a violation of 18 U.S.C. sec. 922(m), 924(a)(3)(B) and 18 U.S.C. sec. 2. These offenses are Class A misdemeanors punishable by a maximum of 1 year imprisonment. The parties agree to recommend a five year term of probation, Mr. Hunt agrees to forfeit several weapons seized by the United States, and agrees to pay a fine. Additional conditions of the probation include no purchasing or selling of firearms and a severe limitation on possession of firearms (limited to two). The original indictment will be dismissed upon sentencing.

## III. 18 U.S.C. sec. 3553(a) Factors

It is now well established that while the United States Sentencing Guidelines are relevant, courts may not presume that the Guideline range is reasonable. *Gall v. United States*, 552 U.S. 38, 49 (2007). Mr. Hunt requests the Court to accept the plea agreement in this case and sentence Mr. Hunt to a five year term of probation with the terms agreed upon.

There are several mitigating factors that should be taken into consideration in determining a just sentence for Mr. Hunt.

    A. Nature and Circumstances of the Offense and the History and Characteristics of the Defendant:

Mr. Hunt is seventy-three years old and has been married to his wife, Mary, for over fifty years. Together they have three children, two of which are also named in the instant offense. The entire family resides in Coulee City, Washington where they have a family farm that has been Terry Hunt's life's work. Mr. Hunt has never been in trouble with the law save this matter. Mr. Hunt has been a law-abiding farmer his entire life. In addition to farming, Mr. Hunt worked at the Washington State Grange for approximately twelve years.

Farming is a difficult way to make a living and Mr. Hunt worked hard to support his family his entire life. Now in his seventies, his sons are the primary caretakers of his farm and, together, his sons, grandchildren, and his wife still live on the family farm in Coulee City.

Mr. Hunt has been a gun hobbyist for many years. Mr. Hunt bought, sold, and traded guns for several years before any contact with the ATF. Mr. Hunt considered this a family activity, and his wife and children would accompany him on these trips. Mr. Hunt lives in a small town in Eastern Washington where hunting, target practice, and collecting guns is part of a way of life. Mr. Hunt raised his children to also enjoy gun ownership which included hunting and target practice. His grandchildren now enjoy these same activities.

Sentencing Memorandum

When Mr. Hunt was provided with a letter in 2012 from the ATF, he sought to understand the alleged violation. The ATF form provided to him indicates that a person only selling at gun shows does not need a federal firearms license. The letter Mr. Hunt was provided indicated that a person is "engaged in the business" of dealing firearms if he is a "person who devotes time, attention, and labor to dealing in firearms as a regular courser of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms." See Attached Letter and Federal Firearms Form. To Mr. Hunt's way of thinking, he did not engage in the sale of firearms for livelihood and profit as his occupation was a farmer and this was a hobby. Additionally, Mr. Hunt was only selling firearms at gun shows and the form clearly indicates that a person only selling guns at gun shows should not submit the Federal Firearms application. See Attached form at question 18(a) and (b). It should also be noted that Mr. Hunt suffers from Dyslexia and struggled to understand the nature of the forms.

Mr. Hunt did make the, in retrospect, poor decision to continue to attend the Reno Gun shows selling firearms and, on several occasions, had a friend help him purchase firearms by filling out the forms for him.

Imagine Mr. Hunt's horror then in November of 2015 when ATF agents arrived at Mr. Hunt's three homes (his home and his son's homes on the farm) with firearms as Mr. Hunt's grandchildren were getting ready for school. Terry Hunt and his wife, Mary, were in Arizona where they spend their winters. All firearms in the house were taken including collector item pieces as well as computers and several other items. Mr. Hunt and

his family were devastated and shocked. Mr. Hunt takes responsibility for his conduct and feels absolutely terrible that his family was also mixed up in these events. Mr. Hunt's family is everything to him.

Mr. Hunt has been an upstanding member of his community. He has been involved in local politics, been active in church and social groups, and has been active in farming organizations. Mr. Hunt raised his family in Coulee City where they all still live together. This case has resulted in much shame and embarrassment for Mr. Hunt and his entire family.

B. The Need to Afford Adequate Deterrence to Criminal Conduct:

Adequate deterrence to criminal conduct is achieved by the plea agreement. The plea agreement, while recommending no incarceration, has several terms that would be a blow to any gun enthusiast who participates in gun show sales. Mr. Hunt and his family have agreed to forfeit several of the firearms seized by the ATF as well as pay a fine. Mr. Hunt will be on probation as a seventy-three year old man for the first time in his life. Mr. Hunt will be required as part of the probation to not engage in collecting, sales, or purchase of firearms which has been a hobby of his entire family for years. The proposed resolution creates adequate deterrence.

C. The Need to Protect the Public from Further Crimes of the Defendant:

Mr. Hunt has been a law-abiding citizen his entire life. But for this incident, he has always followed the law. There is no reason to believe that Mr. Hunt is any threat to the public.

D. The Kinds of Sentences Available:

Sentencing Memorandum

5

The advisory guideline range is greater than necessary to achieve the goals of sentencing. The United States Probation Officer indicates that there are reasons for a variance in this matter including that Mr. Hunt has never had any criminal history, that he has been a provider for his family, and his age. These factors make Mr. Hunt the perfect candidate for probation. In the extremely unlikely event that Mr. Hunt violates a term of probation, the Court has three one year terms of imprisonment it can utilize for further punishment. Mr. Hunt presents as a perfect candidate for probation.

E. The Need to Avoid Unwarranted Sentencing Disparities between Similar Defendants:

The recommended disposition in this matter avoids unwarranted sentencing disparities as the plea agreements are similar amongst the defendants in this case.

F. The need to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:

Mr. Hunt is a man at retirement age who has several medical needs that he manages through care. Mr. Hunt has been self employed most of his adult life as a farmer and worked as well. Mr. Hunt does not need vocational or educational training as he has a trade that he has spent his life doing. The plea agreement, if accepted, allows Mr. Hunt to continue with his family assisting with the farm and provides continuity with his medical care.

G. The need to provide restitution:

Sentencing Memorandum

There is no restitution in this matter.

**IV. Conclusion**

Mr. Hunt requests that this Court accept the plea agreement and sentence Mr. Hunt to a term of probation with the terms as agreed by the parties.

Respectfully Submitted this 30th day of November, 2017

s/ Richard Bechtolt
WA 11603
Attorneys for Hunt
Law Offices of Richard Bechtolt
W. 505 Riverside
Spokane, Washington 99201
Telephone: (509) 838.3601
Email: richardbechtolt@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Earl A. Hicks and George J.C. Jacobs, III. Assistant United States Attorney.

s/ Richard Bechtolt
WA 11603
Attorneys for Hunt
Law Offices of Richard Bechtolt
W. 505 Riverside
Spokane, Washington 99201
Telephone: (509) 838.3601
Email: richardbechtolt@aol.com